IN THE SUPERIOR COURT OF COLUMBIA COUNTY

STATE OF GEORGIA

Denise Harmon

CIVIL ACTION, NUMBER 2012CV206

**PLAINTIFF**

VS.

Chandra Idnani, Inc.

Shanti Aildasani and

Thakur Aildasani

**DEFENDANT**

*(Filed stamp: 2012 MAR 22 PM 3:15 — CINDY MASON CLERK, COLUMBIA COUNTY GEORGIA — CLERK OF SUPERIOR JUVENILE COURTS FILED FOR RECORD)*

# SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Stanley C. House
P.O. Box 915
Augusta, GA 30903-0915

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 22nd day of March, 20 12.

**CINDY MASON**
Clerk of Superior Court

By _____
    Deputy Clerk

J. WADE PADGETT

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

PHOENIX-COMMERCIAL PRINTERS, 2/01

IN THE SUPERIOR COURT OF COLUMBIA COUNTY

STATE OF GEORGIA

| | |
|---|---|
| Denise Harmon | CIVIL ACTION, NUMBER 2012CV204 |
| PLAINTIFF | |
| VS. | |
| Chandra Idnani, Inc. | |
| Shanti Aildasani and | |
| Thakur Aildasani | |
| DEFENDANT | |

*Filed stamp: CINDY MASON CLERK, COLUMBIA COUNTY GEORGIA, 2012 MAR 22 PM 3:14, CLERK OF SUPERIOR JUVENILE COURTS FILED FOR RECORD*

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Stanley C. House
P.O. Box 915
Augusta, GA 30903-0915

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 22nd day of March, 2012.

**CINDY MASON**
Clerk of Superior Court

By _____
Deputy Clerk

**Instructions:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

PHOENIX-COMMERCIAL PRINTERS, 2/01

J. WADE PADGETT

IN THE SUPERIOR COURT OF COLUMBIA COUNTY

STATE OF GEORGIA

Denise Harmon

CIVIL ACTION, NUMBER 2012CV0206

**PLAINTIFF**

VS.

Chandra Idnani, Inc.

Shanti Aildasani

Thakur Aildasani

**DEFENDANT**

2012 MAR 22 PM 3:14
CINDY MASON CLERK
COLUMBIA COUNTY GEORGIA
CLERK OF SUPERIOR & JUVENILE COURTS
FILED FOR RECORD

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Stanley C. House
P.O. Box 915
Augusta, GA 30903-0915

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 22nd day of March, 20 12.

**CINDY MASON**
Clerk of Superior Court

By _____
Deputy Clerk

**Instructions:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

PHOENIX-COMMERCIAL PRINTERS, 2/01

J. WADE PADGETT

In the Superior Court of Columbia County, State of Georgia

| | |
|---|---|
| Denise Harmon | ) |
| Plaintiff, | ) |
| v. | ) Civil Action Number: |
| | ) 2012CV0204 |
| Chandra Idnani, Inc. and | ) |
| Shanti Aildasani and, | ) |
| Thakur Aildasani | ) |
| Defendants | ) |

## Complaint

COMES NOW Plaintiff herein and shows the Court the following:

1. Defendant Chandra Idnani, Inc. (hereafter CI) is a corporation authorized to do business in Georgia and operates a business known as Econo Lodge 1185 in Thomson, Georgia.

2. Defendants Shanti Aildasani and Thakur Aildasani are individuals who are officers of CI and are principals of CI.

3. Venue is proper in Columbia County.

4. Service may be had on CI by serving its registered agent, Shanti Aildasani at 3708 Merion Drive, Martinez, GA 30907. Service on all individual defendants may be had at their residence, which is 3708 Merion Drive, Martinez, GA 30907.

5. During all times material to this complaint CI has been a covered entity under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, (FLSA).

6. During all times material to this complaint Plaintiff's employment by CI has been covered by FLSA.

7. During all times of her employment by CI Plaintiff has been entitled to individual coverage under the FLSA.

1

J. WADE PADGETT

**8.** Plaintiff was an employee of CI and of the individual defendants from May 6, 2010 to March 2, 2012.

**9.** Plaintiff's workweek was Monday through Sunday.

**10.** Plaintiff was paid $250/week until January, 2011 when her pay was raised to $296.68/week.

~~**11.** Plaintiff worked 16 hours per day, seven days per week.~~

**12.** Plaintiff worked 112 hours in her regular workweek.

**13.** Plaintiff's rate of pay was $2.23 per hour for 2010 and $2.648 per hour for 2011 and 2012.

**14.** At all times material to this matter, the minimum wage was $7.25/hr.

**15.** Plaintiff's workweek was from Monday through Sunday.

**16.** There were 34 full workweeks for Plaintiff in 2010, 53 in 2011, and 9 in 2012. In 2010 there was a partial work week of 4 work days with a total of 64 hours worked for that partial workweek. In 2012 there was a partial work week of 4 work days with a total of 64 hours worked for that partial workweek.

**17.** Plaintiff was entitled to receive a minimum of $7.25/hr for each hour worked.

**18.** The difference between Plaintiff's rate of pay and the minimum wage for 2010 is $5.02/hour. The difference between Plaintiff's rate of pay and the minimum wage for 2011 and 2012 is $4.602/hour.

**19.** In addition to overtime owed, Plaintiff is entitled to receive from Defendants the following amounts for the difference between the rate of pay and the minimum wage:

For 2010—34 workweeks x 112 hours/week + 64 hours for partial workweek = 3872 hours. 3872 x $5.02= $19,437.44.

20. For 2011-2012, 62 workweeks x 112 hours/week + 64 hours for partial workweek= 7008 hours. 7008 x $4.602= $ 32,250.82.

21. The total for the difference between the rate of pay and the minimum wage is $ 51,688.56, which is owed by Defendants to Plaintiff.

22. Overtime is owed Plaintiff for all hours worked over 40 hours in any workweek.

23. Overtime is owed at the rate of $10.875 per hour, or an additional $3.625/hour for each hour worked over 40 hours in any workweek.

24. Plaintiff worked 72 hours per week overtime for each full workweek and 24 hours additional time in 2010 and 24 hours additional time in 2012.

25. The amounts owed Plaintiff for overtime are as follows:

a. For 2010—34 workweeks x 72 hours/week + 24 additional hours= 2472 hours. 2472 x $3.625/hour = $8,961.00.

b. For 2011-2012 62 workweeks x 72 hours/week + 24 additional hours= 4488 hours. 4488 x $3.625/hour= $16,269.00.

26. The total owed Plaintiff for damages for overtime and minimum wage violation is $ 76,918.56.

27. Plaintiff is entitled to an additional award equal to the total owed as liquidated damages, pursuant to 29 U.S.C. § 216 (b).

28. Plaintiff has found it necessary to employ an attorney to represent her in this matter and is entitled to an award of reasonable attorney fees and expenses of litigation.

29. Plaintiff's consent is attached hereto as Exhibit A.

30. In this case Defendant Shanti Aildasani is an employer within the meaning of the FLSA.

31. In this case Thakur Aildasani is an employer within the meaning of the FLSA.

32. Defendant Shanti Aildasani had the authority to control and direct the conditions of Plaintiff's employment.

33. Defendant Thakur Aildasani had the authority to control and direct the conditions of Plaintiff's employment.

34. Defendant Shanti Aildasani was directly involved with decisions concerning compensation of Plaintiff.

35. Defendant Thakur Aildasani was directly involved with decisions concerning compensation of Plaintiff.

36. Defendants Shanti Aildasani and Thakur Aildasani are individually liable to Plaintiff for the amounts claimed herein as damages and for attorney fees and expenses of litigation.

WHEREFORE, Plaintiff prays recovery against Defendants for all minimum wage damages owed, overtime owed, liquidated damages, other amounts owed, and for reasonable attorney's fees and expenses of litigation.

This the 21st day of March, 2012.

Stanley C. House, LLC

_/s/ Stanley C. House_
Stanley C. House, Ga. Bar#369150
Attorney for Plaintiff
PO Box 915
Augusta, GA 30903-0915
706-722-3341

4

**Exhibit A**

# CONSENT TO FILE PRIVATE ACTION UNDER FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201 *ET SEQ.*

I, Denise Harmon, do hereby give my consent for Stanley C. House and Stanley C. House, LLC, to act as my attorney and file a private right of action under 29 U.S.C. § 201 *et seq.* and specifically to file an action for violation of the Fair Labor Standards Act overtime provisions. I understand this action will be filed against Chandra Idnani, Inc. and Shanti Aildasani and Thakur Aildasani for all uncompensated pay and overtime that is due me for the past three years. This the 22 day of March, 2012.

*Denise Harmon*
Denise Harmon

5

In the Superior Court of Columbia County, State of Georgia

| | |
|---|---|
| Denise Harmon )  | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action Number: |
| v. ) | |
| ) | |
| Chandra Idnani, Inc. and ) | |
| Shanti Aildasani and, ) | |
| Thakur Aildasani ) | |
| Defendants ) | |

### Request for Production of Documents to Defendants

TO: All defendants and their Attorneys of Record

In accordance with the Georgia Civil Practice Act you are requested to produce the following documents and items for inspection and copying at the office of Stanley C. House, LLC ,1450 Greene Street, Ste. 226, Augusta, GA 30901 within thirty (30) days of the date of service hereof; provided however that if this request is served with the complaint, then the documents and items are to be produced within forty-five (45) days after service. Response shall be made to these requests in writing and in accordance with § 9-11-34, O.C.G.A.

### Definitions

As used herein, the following terms have the meaning indicated below:

**Plaintiff** means Denise Harmon.

**Defendant** means any one or more of Chandra Idnani, Inc., Shanti Aildasani, or Thakur Aildasani.

**You** means the person answering the questions and/or producing the documents and if such person is answering them in a representative capacity, it refers as well to the entity represented by the person answering these interrogatories or producing the documents requested.

**Person** includes, whenever appropriate, not only a natural person but also a corporation, partnership, an unincorporated association, joint venture or other association of persons, and also governmental agencies, office, administration, board or other body. However, a request for identification of a person having knowledge or facts or custody of a document shall be construed to refer to a natural person.

**Identify** when used is reference to a document, means to state its execution date, its author or the identity of the person who prepared it, the type of document, (e.g., letter, memorandum, receipt, invoice, schedule, report, telegraph, chart, photograph, sound reproduction or note), the substance of the document with sufficient particularity to enable the same to be identified and its present location and the name of its present custodian or each custodian if there is more than one copy thereof. If any such document was, but is no longer in the possession of the Defendants or subject to his control, or it

is no longer in existence, state whether it is missing or lost, destroyed, transmitted or transferred voluntarily or involuntarily to others, identifying such others, or otherwise disposed of, and in each instance, explain the circumstances surrounding the authorization for such disposition and state the date or approximate date thereof. If any of the above is not available to Defendants, state any available means of identifying such documents.

**Identify** when used herein in reference to a natural person, means to state (1) his or her full name and present or last known address of residence, and phone number, including home, work and cell phone numbers, and (2) his or her present or last known business affiliation and position therewith. If any of the above information is not available to Defendants, state any other available means of identifying such natural person.

**Identify** when used in reference to a person (as defined above) other than a natural person, means to state (1) its full name, (2) nature of its organization including the name of the state under which same was organized, (3) its address(es) in Georgia, (4) the address of its principal place of business, and (5) its principal line of business. If any of the above information is not available to Defendants, state any other available means of identifying such person.

**Identify** when used in reference to an oral conversation means the date when such conversation took place, where such conversation took place, and the full name and present or last known position or business affiliation and residential address of each of the parties to such conversation.

**State with specificity** means your answer must contain a detailed narrative statement of all facts pertaining to the matter inquired into, including references to time, dates and places, the names and addresses of all persons involved, the content of all statements, conversations and remarks, and a full and specific account of all actual omissions on the part of any person.

**Set forth all facts** means your answer must contain a detailed narrative statement of all facts pertaining to the matter inquired into, including references to time, dates and places, the identity of all persons involved, the content of all statements, conversations, and remarks, and a full and specific account of all actual omissions on the part of any person.

**Concerning** As used herein, a document "concerning" a particular matter shall mean any document which embodies, evidences, comments upon, refers to, affects or purports to affect, or in any manner relates to, pertains to, or regards the particular matter in question.

**Communication** means all methods by which information was conveyed from one person to another by means of a document, including, but not limited to memoranda of conversations, correspondence, data processing, pictures, or recordings or other writing. Email, whether internal or external, is included in the meaning of the term.

**Document** shall mean writings of every kind, source, and authorship, both originals and nonidentical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative entity, or personnel. The term shall include handwritten, typewritten, printed, photocopies, facsimile copied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible

through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the term shall include: correspondence; transcripts of testimony; letters; notes; reports; papers; files; books; records; contracts; agreements; telegrams; teletypes, facsimiles, and other communications sent or received; diaries; calendars; logs, notes, or memoranda of telephonic or face-to-face conversations; drafts; work papers; agenda; bulletins; notices; circulars; announcements; instructions; schedules; minutes, summaries, notes and other records and recordings of any conferences, meetings, visits, statements, interviews, or telephone conversations; bills, statements, and other records of obligations and expenditures; canceled checks, vouchers, receipts, and other records of payments; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; analyses; statements; interviews; affidavits; printed matter (including published books, articles, speeches, and newspaper clippings); press releases; charts; drawings; specifications; manuals; brochures; parts lists; memoranda of all kinds to and from any persons, agencies, or entities; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; records of administrative, technical, and financial actions taken or recommended; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested. An email or electronic communication is a document.

**Oral Communication** means any oral statement, exclamation, sound or spoken word, words, or utterance.

**Photograph** means any normal photograph as well as any digital image.

**Writing** shall refer to any written material, whether typed, hand-written, printed or otherwise, or any photograph, photostat, microfilm, and any other reproduction thereof, or digital image of, and includes, without limitation, each note, memorandum, letter, telegram, circular release, article, report, analysis, chart, account, book, draft, summary, diary, transcript, agreement, contract, check or receipt, email communication, or digital image or record.

Production of the following is requested:

1. Copies of all records as to Plaintiff that are required to by the Fair Labor Standards Act to be maintained by Defendant(s).

2. Copies of all time records for Plaintiff's time of employment.

This the 22nd day of March, 2012.

Stanley C. House, LLC

_____
Stanley C. House, Ga. Bar#369150
Attorney for Plaintiff
PO Box 915
Augusta, GA 30903-0915
706-722-3341