**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION**

DENISE HARMON,                              *
                                            *
          Plaintiff,                        *
                                            *
          v.                                *          CV 112-053
                                            *
CHANDRA IDNANI, INC.;                       *
SHANTI AILDASANI; and                       *
THAKUR AILDASANI,                           *
                                            *
          Defendants.                       *

-------------------

**O R D E R**

-------------------

Presently pending before the Court is the parties' Joint
Motion for Approval of Settlement Agreement and Joint Stipulation
of Voluntary Dismissal.  (Doc. no. 13.)

The parties' joint motion to approve a settlement of
Plaintiff's claims is brought pursuant to the Fair Labor Standards
Act (FLSA), 29 U.S.C. §§ 201-209.  The FLSA was enacted with the
purpose of protecting workers from oppressive working hours and
substandard wages.  Barrentine v. Arkansas-Best Freight Sys., 450
U.S. 728, 739 (1981).  Because workers and employers often
experience great inequalities of bargaining power, Congress made
the FLSA's wage and hour limitations mandatory.  Brooklyn Sav.
Bank v. O'Neil, 324 U.S. 697, 706 (1945).  Making the provisions
mandatory meant eliminating the ability of workers and employers
to negotiate an employment arrangement that falls short of FLSA's
minimum employee protections.  Id.

Accordingly, FLSA's provisions are not subject to bargaining, waiver, or modification either by contract or settlement, save for two narrow exceptional circumstances. Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1352-53 (11th Cir. 1982). The first exception involves actions taken by the Secretary of Labor, and therefore is inapplicable to the proposed settlement in this case. See id. at 1353. The second exception, which applies here, permits settlement when employees bring an action for back wages under 29 U.S.C. § 216(b). In such an instance, the parties must present the proposed settlement to the Court, and if the Court is satisfied that the settlement is a fair and reasonable resolution of a bona fide dispute, the settlement may be approved. Id.

In this case, Plaintiff filed suit and is represented by counsel, which provides some indication that a true conflict exists between the employee and his employer. Indeed, in such a circumstance "the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching." Id. at 1354. The parties are engaged in a bona fide dispute as to the number of hours worked and whether Defendants owe Plaintiff the alleged compensatory time. The Eleventh Circuit has identified such FLSA disputes to be the kind in which a district court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." Id.

After a review of the parties' settlement agreement, along with an examination of the allegations contained in Plaintiff's complaint, it appears that the settlement is fair and reasonable. Accordingly, the parties' joint motion for approval of the settlement agreement (doc. no. 13) is **GRANTED**, and the settlement agreement is **APPROVED.** Furthermore, pursuant to the parties' joint stipulation of dismissal, this case is **DISMISSED WITH PREJUDICE.** The Clerk shall **TERMINATE** all deadlines and motions, and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this ~~20th~~ day of September, 2012.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA